SABERS, Justice
(concurring in part and dissenting in part).
[¶ 29.] I agree with the Court’s conclusion on Issue I. I dissent on the majority’s decision to affirm the trial attorney’s fees and award appellate attorney’s fees. The trial court’s award of $18,360.05 in attorney’s fees for the trial was excessive. This was the full amount requested. Moreover, if this Court is going to affirm the excessive award, then we should not award any appellate attorney fees since Midcom has already received more than a reasonable amount.
[¶30.] The trial court awarded Midcom, $18,360.05 in attorney’s fees for the trial phase. Oehlerking’s attorney’s fees amount to a little over $3,000. While it is true Oehlerking appeared pro se for a portion of the litigation period, he retained an attorney for three out of the five months. Yet, Oehlerking’s attorney’s fees amount to a little over $3,000.[7] The trial court concluded the rest of the factors supported an award of $18,360.05 for attorney’s fees. While the factors may be present for an award of some attorney’s fees, an award of over $18,000 is excessive and unreasonable.
*730 [¶ 31.] While the standard of review of a trial court’s award of attorney’s fees is an abuse of discretion, we need not turn a blind eye to reason. In fact, the attorney’s fees are required to be reasonable. Duffy v. Circuit Court for Seventh Jud. Cir., 2004 SD 19, ¶ 16, 676 N.W.2d 126, 134. The majority determined the trial court did not abuse its discretion in awarding the requested amount of trial attorney fees. However, the majority then goes on to award $2,500 for appellate attorney fees when Midcom requested $9,007.50. When the full amount requested is unreasonable on appeal, then the full amount requested and granted is unreasonable for trial attorney’s fees also. Furthermore, if we are going to affirm the award of an unreasonable amount in trial attorney fees, then we should not award any more on appeal. An award of attorney’s fees is allowable, not mandatory. In any event, they must be reasonable.

. Midcom argues the attorney's fees would have been another $1,150 had Oehlerking’s counsel billed for travel time. Even then, the total attorney's fees would have been $4,150, still substantially less than Midcom's requested fees.